DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: deverie.christensen@jacksonlewis.com
Email: hilary.williams@jacksonlewis.com

*Attorney for Defendant*
*State of Nevada ex rel., Board of Regents*
*Of the Nevada System of Higher Education,*
*On Behalf of the University of Nevada, Reno*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEI FEI FAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA EX REL., BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,<br><br>Defendant. | Case No. 3:22-cv-00560-RCJ-CLB<br><br>Dept. No.<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant *State of Nevada Ex Rel, Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Reno* ("UNR"), by and through its counsel Jackson Lewis P.C., moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On December 22, 2022, Plaintiff Fei Fei Fan ("Fan") asserted claims related to her employment with UNR. Despite a stipulation and order allowing Fan to file an amended complaint and reminders, extensions, and warnings from the Court, Fan failed to timely file the amended

complaint in violation of the Court's Order. Further, although this action has been pending for over nine months, Fan failed to properly serve UNR.

## II.   BACKGROUND

Fan filed a complaint on December 22, 2022 alleging forced labor in violation of 18 U.S.C. § 1589(b), § 1595(a); trafficking with respect to forced labor in violation of 18 U.S.C. § 1590(a), § 1595(a); sex trafficking in violation of 18 U.S.C. § 1591(a), § 1595(a); deliberate indifference in violation of Title IX 20 U.S.C. § 1681; hostile environment in violation of Title IX 20 U.S.C. § 1681; gender discrimination in violation of Title IX 20 U.S.C. § 1681; retaliation in violation of Title IX 20 U.S.C. § 1681; national origin discrimination in violation of Title VI 42 U.S.C. § 2000d; breach of contract; negligent, grossly negligent, or reckless training, supervision, and retention; and breach of duty to Fan. ECF No. 1.[1]

Fan moved to amend the Complaint on January 27, 2023 (ECF No. 7); however, the motion was denied because there was no evidence UNR had been served. ECF No. 12. The parties subsequently stipulated to allow Fan to amend the complaint after Fan failed to properly name UNR in this action or properly serve UNR pursuant to NRS 41.031. ECF No. 14. The stipulation further memorialized the parties' agreement that once Fan filed an amended complaint that properly named UNR, UNR's counsel would be authorized to accept service through a Waiver of Service pursuant to Federal Rule of Civil Procedure 4(d). *Id.*

On March 22, 2023, the Court granted the parties' stipulation allowing Fan to amend the complaint. ECF No. 15. The Court further ordered Fan to file the amended complaint by April 5, 2023, consistent with Local Rule 15-1(b). ECF No. 16. However, Fan failed to file an amended complaint by the deadline.

*Sua sponte*, the Court granted Fan a one-time extension to file her amended complaint by

---

[1] Fan's claims against UNR are largely premised on the same allegations she pursued against UNR Professor Yan Yao Jiang and his wife Wei Wu in *Fan v. Jiang, et al.,* Case No. 3:21-cv-004580RCJ-CSD (hereinafter, the "*Jiang* Litigation") That case was recently dismissed, and the Court sanctioned Fan and her counsel for asserting frivolous claims. *See Fan v. Jiang, et al.,* Case No. 3:21-cv-004580RCJ-CSD at ECF No. 107 (dismissing claims against Jiang); *id.* at ECF No. 108 (dismissing claims against Wu and finding: "The Action that Fan and her counsel brought against Wu is not only frivolous but an abuse of judicial process. What is clear from this Action is that Fan and Jiang had a sexual relationship that soured. Fan brought this Action against Jiang for his alleged conduct and decided to add Wu for vindictive reasons.")

May 18, 2023. ECF No. 17. The Court warned that failing to file an amended complaint by May 18, 2023, would result in a recommendation to dismiss the case for failure to follow the Court's orders. *Id.*

Rather than file an amended complaint in accordance with the Court's order, on May 18, 2023, Fan filed a Second Motion for Leave to File an Amended Complaint. ECF No. 18. Fan nevertheless labeled the motion a "First Amended Complaint" on the docket, and the Court appears to have accepted the filing as a First Amended Complaint. *Id.*

Over a month later, on June 27, 2023, UNR's counsel contacted Fan's counsel inquiring about service of the summons and complaint as it appeared the Court had accepted Fan's filing as a First Amended Complaint. **Exhibit 1.** In good faith, UNR's counsel even provided Fan with the link for the Waiver of Service form, which counsel would have been willing and authorized to accept as previously agreed. *Id.* To date, Fan has never properly served UNR or provided UNR with a Waiver of Service.

### III.    LEGAL ARGUMENT

**A. Fan failed to prosecute the action or comply with the Court's orders.**

A court may dismiss an action with prejudice based on a party's failure to prosecute an action, obey a court order, or comply with local rules." *Kennedy v. Henroid*, 2019 U.S. Dist. LEXIS 88022, *2 (collecting cases). Indeed, a court may dismiss an action under FRCP 41(b) where the plaintiff "fails to prosecute or comply with these rules or a court order." *See Lilly v. Synchrony Fin.*, No. 2:16-CV-2687 JCM (VCF), 2020 U.S. Dist. LEXIS 56815, at *2-3 (D. Nev. Mar. 30, 2020) (explaining courts may dismiss actions for want of prosecution under FRCP 41(b) *sua sponte* or upon a defendant's motion). In addition to the Rules, courts have the authority to dismiss actions under their own inherent power for want of prosecution particularly where the plaintiff fails to "use diligence and expedite his case to a final determination." *See Kargbo v. Fedex Ground Package Sys.*, No. 2:09-CV-02152-KJD-GWF, 2012 U.S. Dist. LEXIS 95725, at *2 (D. Nev. July 10, 2012) (citing *Walls v. Brewster*, 112 Nev. 175, 178, 912 P.2d 261, (1996)).

In deciding whether to dismiss an action for any of these reasons, the Court will consider:

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Kennedy,* 2019 U.S. Dist. LEXIS 88022, at *2.

For example, this Court adopted a recommendation to dismiss an action after the plaintiff failed to file an amended complaint as ordered. *Id.* at *2-3 (adopted by the Honorable Robert C. Jones in *Kennedy v. Henroid*, 2019 U.S. Dist. LEXIS 86261). The court found that the first two factors (the public's interest in quickly resolving the litigation and the court's interest in managing its docket) weighed in favor of dismissal. *Id.* The third factor (risk of prejudice to the defendant) also weighed in favor of dismissal due to a presumption of injury arising where there is an unreasonable delay in filing a pleading as ordered or prosecuting an action. The court further found the fourth factor (public policy favoring disposition of cases on their merits) was outweighed by the other factors, and the court had warned the plaintiff that his failure to obey its order would result in dismissal, which satisfied the court's consideration of alternatives.

Here, the factors weigh in favor of dismissal. Like the *Kennedy* plaintiff, Fan failed to file an amended complaint in violation of the Court's orders as she filed a motion to amend the complaint instead. Under these circumstances, the first two factors, the public's interest in quickly resolving the litigation and the Court's interest in managing its docket weigh in favor of dismissal.

Further, prejudice to the UNR is presumed where Fan unreasonably delayed prosecuting this action or filing a pleading as the Court ordered twice. Fan ignored the Court's first order to file an amended complaint by April 5, 2023 without explanation. *See* ECF No. 16. Fan also violated the Court's second order to file an amended complaint by May 18, 2023, by filing a Second Motion for Leave to File an Amended Complaint instead despite the Court's warning that failing to file an amended complaint by the deadline would result in a recommendation to dismiss the case. *See* ECF Nos. 17, 18. Under these circumstances, Fan's delay in filing the amended complaint is unreasonable and prejudices UNR. Accordingly, the third factor weighs in favor of dismissal.

The fifth factor also weighs in favor of dismissal where the Court has already considered

less drastic alternatives by warning Fan that failing to file an amended complaint by May 18, 2023, could result in dismissal. *See Kennedy*, 2019 U.S. Dist. LEXIS 88022, at *3 ("[A] court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the 'consideration of alternatives' requirement…The Court's order requiring Plaintiff to file an amended complaint expressly stated: 'Failure to file a timely amended complaint will result in a recommendation that this case be dismissed in its entirety.'… Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint.")

Finally, as in *Kennedy*, the other factors outweigh the fourth factor favoring disposition of cases on their merits. *Id.*[2] Accordingly, Fan's action should be dismissed for failing to file an amended complaint in violation of two Court orders and failing to prosecute this action.

**B. Fan failed to properly serve UNR.**

The summons must be served with a copy of the complaint within 90 days after the complaint is filed or the action is subject to dismissal. *See* Fed. R. Civ. P. 4, 12(b)(5). Specifically, the summons must be served with a copy of the complaint within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c). Under Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own, must dismiss the action without prejudice as to that defendant or "order that service must be made within a specified time." Fed. R. Civ. P. 4(m); *Abrams Ins.*, 2021 U.S. Dist. LEXIS 227452, at *6-7.

Although plaintiffs may receive an extension of time to serve if they show good cause, courts have not hesitated to grant dismissal of actions where plaintiffs cannot show good cause for their unexplained delays. *See* Fed. R. Civ. P. 4(m); *see also, e.g., Sohal v. Mondelez Glob. LLC*, No. 3:22-cv-00998-MO, 2023 U.S. Dist. LEXIS 5777, at *3 (D. Or. Jan. 11, 2023) (holding that "Defendant's argument is straightforward: 109 > 90," thus warranting the court to grant dismissal without prejudice); *Ibarra v. City of Portland*, No. 3:19-cv-00871-MO, 2019 U.S. Dist. LEXIS 222453, at *1-2 (D. Or. Dec. 30, 2019) (granting dismissal for untimely service where plaintiff

---

[2] In fact, this is Fan's second attempt to bring nearly identical allegations against a defendant concerning her relationship with Jiang while she was affiliated with UNR. Fan's continuous abuses in both cases (by vindictively asserting frivolous claims against Wei Wu in the *Jiang* Litigation for which she was sanctioned and here where she repeatedly violates Court orders and rules) further favors dismissal.

failed to explain delaying process to locate defendants until "mere days before the 90-day deadline expired."); *Bohee v. Harrell*, No. CV 19-4990-GW (KS), 2019 U.S. Dist. LEXIS 229061, at *2 (C.D. Cal. Oct. 22, 2019) (holding which dismissed plaintiff's complaint without prejudice because "more than six weeks have passed since Plaintiff's proof of service was due."); *Diebold v. Berryhill*, No. CV 18-3551-MWF (KS), 2018 U.S. Dist. LEXIS 215183, at *3 (C.D. Cal. Dec. 21, 2018) (holding that "despite being given an opportunity to argue good cause for her delay and seek a second extension of time to effect service, Plaintiff has made no such argument and sought no such extension. To the contrary, more than three weeks have passed since her deadline for responding to the Court's Order to Show Cause. Accordingly, the Court concludes that dismissal is now warranted under Rule 4(m).").

In the *Bohee* case, for example, the court explained that the plaintiff had "both allowed the Complaint to languish on the Court's docket for well over four months and failed to communicate with the Court about his case." 2019 U.S. Dist. LEXIS 229061 at *3.  Thus, the court held that the plaintiff's inaction "hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently." *Id.*  The court even went on to state that the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *Id.*; *see In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Although this presumption may be rebutted where the plaintiff proffers a non-frivolous excuse for the delay, the plaintiff provided no explanation, frivolous or otherwise, for his failure to engage in this matter and serve the Complaint and summons on the defendants. *Id.* at *3-4.

Decisions from other Districts are in accord and have rejected excuses for failure to properly serve. *See e.g., Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 755 (E.D. Ky. Jan. 14, 2011) (noting that good cause has not been shown in a large number of cases and federal courts have rejected excuses based on failure to receive waiver of formal service); *Nat'l Union Fire Ins. Co. v. Sun*, 93 Civ. 7170 (LAP), 1994 U.S. Dist. LEXIS 11934, at *12 (S.D.N.Y. Aug. 18, 1994) (refusing to excuse a failure to serve summons because "though leniency may sometimes be appropriate for

those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger").

Here, Fan has presented no reason showing good cause for the failure to timely and effectively serve UNR. In the Stipulation for Plaintiff to File Amended Complaint [ECF No. 14] filed over **six** months ago, Fan agreed she had not properly named or served UNR.[3] Indeed, this action has now been pending for over nine months, and despite UNR's willingness to explain the process for properly serving it under NRS § 41.031 and providing the website link to the Waiver of Service form over three months ago, Fan has failed to properly serve or seek a waiver of service from UNR without explanation or justification. *See id.*; **Ex. 1**. No good cause exists to excuse such a blatant violation of the Federal Rules of Civil Procedure.

Because Fan cannot show good cause for failing to timely and effectively serve process on UNR, the Court should dismiss this action under Rule 4(m).

## IV.  CONCLUSION

Based on the foregoing, UNR respectfully requests that the Court grant the instant Motion and dismiss Fan's Complaint with prejudice.

DATED this 12th day of October, 2023.

           JACKSON LEWIS P.C.

           */s/Deverie J. Christensen*
           DEVERIE J. CHRISTENSEN, ESQ.
           Nevada Bar No. 6596
           HILARY A. WILLIAMS, ESQ.
           Nevada Bar No. 14645
           300 S. Fourth Street, Ste. 900
           Las Vegas, Nevada 89101

           *Attorney for Defendant*
           *State of Nevada ex rel., Board of Regents*
           *Of the Nevada System of Higher Education,*
           *On Behalf of the University of Nevada, Reno*

---

[3] Specifically, Fan named the "Nevada System of Higher Education" rather than the "State of Nevada ex rel., Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Reno" and failed to serve the State of Nevada, Office of Attorney General and the Chancellor of the Nevada System of Higher Education as required by NRS § 41.031. Accordingly, Fan failed to properly serve UNR under the statute when she attempted service on January 6, 2023, which Fan acknowledged in the Stipulation [ECF No. 14].

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 12th day of October, 2023, I caused to be served a true and correct copy of the above and foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**, via the Court's CM/ECF electronic filing and service system to:

Ryan J. Cann, Esq.
Nevada Bar No. 11073
CANN IP LAW PLLC
1 East Liberty Street
Suite 600
Reno, Nevada 89501
Email: info@canniplaw.com

*Attorneys for Plaintiff*

                                       */s/ Kelley Chandler*
                                       Employee of Jackson Lewis P.C.